------------------------------------------------------------------- x

DANIEL DIAZ, :

 : **Index No.**

 **Plaintiff,** :

 : **COMPLAINT**

 **-against-** :

 : **PLAINTIFF DEMANDS**

**DORA MAAR USA INC.,** : **TRIAL BY JURY**

 :

 **Defendant.** :

------------------------------------------------------------------- x

Plaintiff Daniel Diaz ("Plaintiff" or "Mr. Diaz"), by and through his counsel, Romano Law PLLC, brings this action against Defendant Dora Maar USA Inc. ("Defendant"), and for his Complaint alleges as follows:

### NATURE OF THE ACTION

1. This action arises from Defendant's material breach of contract, as Defendant has failed to pay monies rightfully owed to Plaintiff.

2. Plaintiff and Defendant entered into a valid promissory note wherein Plaintiff loaned Defendant money in the amount of One Hundred and Fifty Thousand Dollars and Defendant was to pay the promissory note in full by November 2024.

3. Defendant ceased payments of the note, and Plaintiff has been harmed in the amount of the outstanding balance along with expenses incurred as a result of Defendant's breach.

4. Upon information and belief, Defendant has also transferred assets in an attempt to not pay the money rightfully owed to Plaintiff.

### PARTIES, JURISDICTION, AND VENUE

5. Plaintiff Daniel Diaz is a natural person and citizen of Pembroke Pines, Florida.

6.     Upon Information and belief, Defendant Dora Maar USA Inc. is a corporation organized under the laws of the state of Delaware, authorized to conduct business in New York, with its principal place of business located in New York County, New York.

7.     The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

8.     Therefore, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.

9.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for Mr. Diaz's claims under New York law.

10.     Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because upon information and belief, the events giving rise to this claim occurred in the Southern District of New York and Defendant's principal place of business is located in the Southern District of New York.

## FACTS APPLICABLE TO ALL CLAIMS FOR RELIEF

11.     On May 6, 2023, Plaintiff and Defendant entered into a Promissory Note (the "Note"), attached as Exhibit A.

12.     Under the terms of the Note, Plaintiff loaned Defendant One Hundred and Fifty Thousand Dollars ($150,000.00) ("Principal Amount").

13.     Under the terms of the Note, Defendant was to pay the Plaintiff the Principal Amount in full or before the Maturity Date of November 5, 2024.

14.     Under the terms of the Note, the Defendant was obligated to repay the Principal Amount plus an interest of twelve percent (12%) per annum.

15. On or about May 2024, Defendant ceased making payments on the Note.

16. Upon information and belief, as of May 2024, the outstanding balance of the Principal Amount was Ninety-Six Thousand Seven Hundred Six dollars ($96,706.00) (the "Principal Balance").

17. As a result of the Note and the unpaid Principal Amount, Plaintiff incurred additional expenses in loan fees to American Express in the amount of Twenty Thousand Three Hundred Ninety-Eight Dollars and Fifty Cents ($20,398.50).

18. In sum, Defendant owes Plaintiff a sum of One Hundred Seventeen Thousand One Hundred Four Dollars and Fifty Cents ($117, 104.50) (the "Outstanding Amount").

19. Despite Plaintiff's repeated demands to Defendant to pay Plaintiff the Outstanding Amount, Defendant has refused to make any payments.

20. On or about July 2024, Plaintiff also requested updates on the planned sale of Defendant's non-inventory assets.

21. Upon information and belief, Defendant intended to incur the Principal Balance and reasonably should have believed Defendant would be unable to pay off the Principal Balance in accordance with the Note.

22. Upon information and belief, Defendant used the non-inventory assets to capitalize a new company co-founded by Defendant's Founder and Chief Executive Office, Lauren Wilson.

23. As a result of Defendant's actions, Plaintiff has suffered damages in the amount of the Outstanding Amount, and interest from May 2024 to November 5, 2024 – the date by which payment in full was contractually required.

## FIRST CAUSE OF ACTION

(Breach of Contract)

24. Plaintiff incorporates and realleges the allegations above as if repeated below.

25. At all relevant times, Plaintiff and Defendant entered into a valid and enforceable contract whereby Plaintiff loaned Defendant money in exchange for prompt payment from Defendant.

26. Pursuant to the terms of the Note, Plaintiff loaned Defendant the Principal Amount.

27. The terms of the Note required Defendant to pay Plaintiff the Principal Amount on or before November 5, 2024.

28. Defendant ceased payments of the Note in May 2024.

29. As a result of the Defendant's cessation of payments, Plaintiff incurred additional expenses in the sum of Twenty Thousand, Three Hundred Ninety-Eight Dollars and Fifty Cents ($20, 398.50).

30. At the time Defendant ceased payments of the Note, the Principal Balance owed to Defendant was Ninety-Six Thousand, Seven Hundred Six Dollars ($96,706.00).

31. By its deliberate actions and wrongful conduct detailed above, Defendant breached its agreement to pay the outstanding Principal Balance of $96,706.00 to Plaintiff.

32. By its deliberate actions and wrongful conduct detailed above, Defendant breached its agreement to pay additional fees of $20,398.50 to Plaintiff.

33. Accordingly, Plaintiff is entitled to damages in the amount of $117,104.50, plus interest from November 5, 2024.

34. Plaintiff has suffered and will continue to suffer damages as a direct and proximate result of Defendant's breach of the Note.

4

## SECOND CAUSE OF ACTION

(Transfer Void under Uniform Voidable Transactions Act ("UVTA"))

35. Plaintiff incorporates and realleges the allegations above as if repeated below.

36. Defendant knew it would incur debts beyond its ability to pay when it made the transfer.

37. Pursuant to the Note, Plaintiff loaned Defendant the Principal Amount of One Hundred Fifty Thousand Dollars.

38. To date, Plaintiff is still owed the Principal Balance of Ninety-Six Thousand Seven Hundred Six Dollars.

39. As alleged herein, Plaintiff is still owed the Principal Balance and has not received a reasonably equivalent value from Defendant in exchange for the Principal Amount as required by the Note.

40. At the time of the Transfers, Defendant was aware of Plaintiff's claim and demand for the Outstanding Amount.

41. Defendant intended to hinder, delay, or defraud Plaintiff in violation of the UVTA.

42. Defendant intended to hinder, delay, or defraud Plaintiff through actions including but not limited to:

    a. Removing non-inventory assets to an insider—family member or entity controlled by Defendant— immediately after Defendant's default;

    b. Concealing or misrepresenting the existence of the transfers to Plaintiff;

    c. being insolvent or rendered insolvent by the transfers; and

    d. being sued or threatened with suit by Plaintiff at the time of the Transfers.

43. Accordingly, Plaintiff is entitled to provisional remedies, attorneys' fees, and any equitable relief that the Court deems proper.

44.     Plaintiff has suffered and will continue to suffer damages as a direct and proximate result of Defendant's violation of the UVTA.

45.     Accordingly, Plaintiff seeks to recover as voidable all funds received by Defendant from Plaintiff.

46.     Plaintiff further requests that Defendant pay all voidable transfers of funds it received, as alleged herein and as further shown by proof at trial.

47.     Plaintiff further requests that he be awarded pre- and post- judgment interest from Defendant from the date of the receipt of the voidable transfer.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff demands an award of $117,104.50 including interest, a declaration that the transfer is void under the Uniform Voidable Transactions Act, as well as its statutory costs, attorneys' fees, and other and further relief as this Court deems just and proper.

Dated:  August 19, 2025
        New York, New York

ROMANO LAW PLLC

By:____*/s/ Uzoma Eze*_____
        Uzoma Alexander Eze
        *Attorneys for Plaintiff*
        One Battery Park Plaza, 7th Floor
        New York, New York 10004
        (212) 865-9848
        uzoma@romanolaw.com